MID-STATE SERVICE CO., INC. v. THEODORE A. DUNFORD, INDI-
VIDUALLY, AND THEODORE A. DUNFORD T/A BIFF BURGER

No. 7321SC432

(Filed 11 July 1973)

1. Taxation §§ 33, 34— tax liens on personalty and on realty

As a general rule a tax on real property becomes a lien on that real property as of the date the property is listed; a tax on personal property becomes a lien on that personal property only after levy or attachment of the personal property taxed and becomes a lien on real property only when both the realty and personalty are owned by the same owner.

2. Taxation § 34— improvements — tax lien on land  — effective date of statute

Statute creating a tax lien on land for improvements made thereon by one other than the owner of the land, G.S. 105-355(a)(2), did not become effective to create a lien until the first business day of January 1972.

3. Taxation § 25— sale of building and personalty by lessee of land — no duty to list for taxes

Where the lessee of land sold a building and all personal property on the land in 1968, the lessee had no statutory duty to list that prop-

erty for taxation or to pay ad valorem taxes thereon for the years 1969-1971.

**4. Taxation § 25— lessee's obligation to pay taxes — termination by cancellation of lease**

    Defendant lessee's obligation under a lease to pay ad valorem taxes on improvements to the land for the years 1969-1971 was extinguished when plaintiff lessor, for consideration paid by defendant, released and cancelled the lease in 1971.

APPEAL by plaintiff from *Collier, Judge,* 15 January 1973 Session of FORSYTH County Superior Court.

This is a civil action in which plaintiff sought recovery of the amount of taxes paid to avoid a lien on its real property, along with damages.

Plaintiff alleged that on 8 April 1963 defendant leased from it a tract of real property located in Winston-Salem, North Carolina, and renewed that lease for five years on 29 April 1968. It was alleged that the terms' of the lease obligated defendant to pay ad valorem taxes on all improvements to the land, while the plaintiff was to continue to list and pay tax on the realty alone. The lease contract was not made a part of the record.

The defendant moved a trailer building onto the land, and operated a small restaurant. In 1968 the defendant sold the building and all personal property on the land to Arthur R. Miller.

In 1971 the tenant's building and other personal property were destroyed by fire. On 25 October 1971 in consideration of $2,100.00 and a sign installed and located on the property, plaintiff released and cancelled the lease. Defendant was to remove all personal property.

In April 1972 plaintiff received notice from the Forsyth County-City Tax Collector that defendant had failed to' pay ad valorem taxes on the building and other personal property for the years 1969, 1970 and 1971, and that these taxes were a lien on the plaintiff's land.

Plaintiff made demand that defendant pay the taxes, defendant refused, and plaintiff paid $2,964.23 in assessed taxes and instituted this action.

Defendant moved to dismiss under Rule 12(b)(6) for failure of the complaint to state a claim upon which relief may be

granted. As grounds for allowing such motion the trial court found (1) that the ad valorem taxes for the years "1968, 1969, and 1970" were assessed against personal property of the defendant, not listed in the name of the plaintiff, that the taxes therefore did not constitute a lien on plaintiff's real property, and that the plaintiff voluntarily paid without protest that tax assessment; (2) and that the plaintiff released the defendant from all obligation under the lease contract which release is a bar to this action.

*Goodale and Daetwyler by Ralph E. Goodale for plaintiff appellant.*

*Dees, Johnson, Tart, Giles & Tedder by J. Sam Johnson, Jr. for defendant appellee.*

CAMPBELL, Judge.

[1] As a general rule a tax on real property becomes a lien on that real property as of the date the property is listed. A tax on personal property becomes a lien on that personal property only after levy or attachment of the personal property taxed. Also generally, a tax assessed against personal property becomes a lien on real property only when both the realty and personalty are owned by the same owner.

[2] G.S. 105-355(a)(2) provides that "Taxes levied on improvements on or separate rights in real property owned by one other than the owner of the land . . . shall be a lien on both the improvements or rights and on the land." That statute authorizes a tax lien on the land to which improvements are connected for the value of the tax on those improvements. This lien attaches the date the land is listed. Section 355(a)(2), however, was not effective until 1 July 1971, and could not operate to create a lien until the next listing period, which, under G.S. 105-307, began on the first business day of January 1972.

The tax against the personal property located on plaintiff's land for the years 1969, 1970, and 1971 was not a lien on plaintiff's real property.

[3] Nevertheless, did the defendant have an obligation to pay those taxes which the plaintiff paid and now seeks to recover? We think not.

In 1968 defendant sold the personal property to Arthur R. Miller. G.S. 105-304, effective in 1968, and G.S. 105-306(c)(1),

effective 1 July 1971, both provide that personal property shall be listed in the name of the owner thereof, and that it is the duty of the owner to list personal property for taxation. Further, the owner of the equity of redemption in personal property subject to a chattel mortgage shall be considered the owner of the property.

Since the defendant was not the owner of the property in the years 1969, 1970, or 1971, he had no statutory duty to list that property for taxation, or obligation to pay ad valorem taxes assessed against that property.

[4] Defendant's only obligation to pay, then, must arise from the lease contract, which the plaintiff did not incorporate into its complaint. The plaintiff did plead, however, that on 25 October 1971, by mutual agreement, the plaintiff and defendant terminated the lease. Any obligation the defendant may have had to pay taxes was extinguished with the release and cancellation of the lease contract.

The complaint alleged tax arrearages for the years 1969, 1970, and 1971. The judgment of the trial court recited years 1968, 1969, and 1970. Except for the inconsistency of the judgment and complaint, which is immaterial, the judgment is

Affirmed.

Judges BRITT and BALEY concur.